**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 97-50918
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RODRIGO ALVAREZ-SALCIDO,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Western District of Texas
(SA-96-CR-340-2)**
_____

**January 7, 1999**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rodrigo Alvarez-Salcido appeals his conviction for the illegal transportation of aliens and aiding and abetting the commission of the offense, contending that the evidence presented was insufficient to support his conviction. Although Alvarez moved for a judgment of acquittal at the close of the Government's evidence, he did not renew the motion at the close of all the evidence. Accordingly, review is limited to whether his conviction resulted in a manifest miscarriage of justice. *United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994). Such a miscarriage resulted only

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"if the record is devoid of evidence pointing to guilt, or ... because the evidence on a key element of the offense was so tenuous that a conviction would be shocking". ***United States v. Pierre***, 958 F.2d 1304, 1310 (5th Cir.) (en banc), *cert. denied*, 506 U.S. 898 (1992) (citations and internal quotation marks omitted).

For conviction for transportation of an alien inside the United States, the Government "must prove (1) the transporting or moving of an alien within the United States, (2) that the alien was present in violation of the law, (3) that the defendant was aware of the alien's status, and (4) that the defendant acted willfully in furtherance of the alien's violation of the law". ***United States v. Diaz***, 936 F.2d 786, 788 (5th Cir. 1991).

Alvarez concedes that there was sufficient evidence of the first two elements of his offense. But, he contends that he was no more than a taxi driver picking up a fare, and that, as such, he was not required to know whether his passengers are illegal aliens.

Francisco Solis-Soto, an individual indicted with Alvarez, testified that he arranged to transport four people from the Nueces River to Austin, Texas. Solis testified that he asked Alvarez to do him a favor by driving the individuals from the Nueces River, even though the individuals did not have papers and that, if caught doing so, Alvarez could lose his cab.

The illegal aliens ran from the bushes where they were hiding when they entered Alvarez's cab. Further, Alvarez instructed them to crouch in the back seat of the cab to avoid detection. This

testimony was corroborated by two of the illegal aliens, who also testified at  trial.

Needless to say, this was far more than enough evidence to allow a jury to find that Alvarez was aware that his passengers were in the United States illegally and that the transportation of them willingly furthered the aliens' violation of the law.  In short, we do not find a manifest miscarriage of justice.

*AFFIRMED*